CHRISTINA BIANCHI, as Administratrix of the Estate of PIETRO BIANCHI, Deceased, Appellant, *v.* PASQUALE FERRARI, Defendant, and NEW YORK STATE RAILWAYS, Respondent.

*Negligence — railways — motor vehicles — action for death arising from collision between truck and street car.*

Bianchi v. Ferrari, 216 App. Div. 787, affirmed.

(Argued October 12, 1927; decided October 28, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 21, 1926, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term, in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Intestate, while riding as a passenger upon the truck of defendant Ferrari, was killed as the result of a collision between the truck and a street railway car belonging to and operated by defendant New York State Railways.

*John M. Stull* and *Howard F. Barnes* for appellant.
*Paul Folger* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ. Not sitting: KELLOGG, J.

---

M. P. MOLLER, INC., Respondent, *v.* WEDGEWAY-STRAND THEATRE Co., INC., et al., Defendants, and WILLIAM W. FARLEY, as Receiver, and the FARASH THEATRE Co., INC., Appellants.

*Replevin — conditional sale — foreclosure of mortgage covering building wherein had been installed pipe organ under contract of conditional sale — action by seller to recover organ.*

Moller, Inc., v. Farley, 219 App. Div. 750, affirmed.

(Argued October 12, 1927; decided October 28, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department,

entered January 10, 1927, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at an Equity Term in an action in replevin to recover a pipe organ installed by plaintiff in a theatre under a contract of conditional sale. A prior mortgage covering the premises provided that all fixtures and appurtenances thereafter placed in the theatre should be considered a part of the realty. The mortgage was thereafter foreclosed and defendant Farley appointed receiver.

*Amasa J. Parker, Jr.,* for appellants.
*Charles G. Fryer* for respondent.

Judgment affirmed, with costs; no opinion.
Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ. Not sitting: KELLOGG, J.

---

CORNELIUS LENAHAN, Respondent, *v.* HUGH J. SHEERAN, as Receiver of NEW YORK RAILWAYS COMPANY, Appellant.

*Negligence — railroads — pedestrian struck by street car at street crossing.*

*Lenahan* v. *Sheeran,* 219 App. Div. 818, affirmed.
(Argued October 12, 1927; decided October 28, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 1, 1927, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff, while crossing Lenox avenue at the intersection of One Hundred and Forty-second street in the city of New York, was struck by one of defendant's street cars and received the injuries complained of. He testified that when he reached the curb he looked to his left and saw the trolley car coming a block and a half away. When he had gone a few steps he heard the gong of a fire engine and waited for it to pass. At the same time he again